Judge: Christopher M. Alston
Chapter: 13

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

PARANZEM BORISOVNA
BAKHCHINYAN,

Debtor.

IN CHAPTER 13 PROCEEDING
No. 22-10989-CMA

RESPONSE TO DEBTOR'S *EX PARTE* MOTION FOR ORDER OF VOLUNTARY DISMISSAL

Jason Wilson-Aguilar, Chapter 13 Trustee, responds to the debtor's *Ex Parte* Motion for Order of Voluntary Dismissal (ECF No. 53):

The debtor has requested that the Court dismiss her case, although she did not provide an explanation (ECF No. 53). The debtor's plan provides for cure and maintenance of her mortgage obligation with Select Portfolio Servicing (ECF Claim No. 1) regarding the real property at 6921 115th Court Southeast, Newcastle, Washington, including refinance or sale of the property (ECF No. 48).

On October 10, 2022, the Trustee learned from Select Portfolio's counsel that his client apparently received funds to pay off the mortgage obligation. That same day the Trustee contacted debtor's attorney requesting an explanation. On October 12, 2022, the Trustee learned from debtor's counsel that the debtor and her daughter apparently obtained a "bridge loan" from Nonprofit Alliance of Consumer Advocates. Based on the deed of trust dated on September 10, 2022 received from debtor's counsel, the promissory note amount is $885,000.00 and the maturity date of the loan is October 1, 2023.

The Trustee is concerned for several reasons, including that the Court was unaware; the property of the estate was and is under the exclusive jurisdiction of the Court and the Court did not approve the transaction; the Trustee was unaware of this until after the transaction occurred;

RESPONSE TO DEBTOR'S *EX PARTE*
MOTION FOR ORDER OF VOLUNTARY
DISMISSAL - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 22-10989-CMA    Doc 55    Filed 10/17/22    Ent. 10/17/22 10:21:42    Pg. 1 of 2

the debtor may not be fully aware of the risks of this loan; and this transaction may not be in the debtor's best interests. The Trustee communicated these concerns to debtor's counsel, but apparently the debtor has nonetheless decided to request dismissal of her case.

The Trustee is fully aware that the Ninth Circuit recently indicated that 11 U.S.C. § 1307(b) "confers upon the debtor an absolute right to dismiss a Chapter 13 case, subject to the [previous conversion] exception noted expressly in the statute itself." *Nichols v. Marana Stockyard & Livestock Market, Inc. (In re Nichols)*, 10 F.4th 956, 964 (9th Cir. 2021). The debtor filed this case as Chapter 13 case, so it has not been previously converted from another chapter of the U.S. Bankruptcy Code. The debtor thus apparently has a right to voluntarily dismiss this case, but the Trustee nonetheless wanted the Court to be aware of the debtor's actions in the case before the Court enters any order dismissing the case.

WHEREFORE, the Chapter 13 Trustee requests that the Court take whatever action it deems appropriate regarding the debtor's *Ex Parte* Motion for Order of Voluntary Dismissal, which may include dismissing the case on debtor's request.

Dated this 17th day of October 2022

/s/ *Jason Wilson-Aguilar*, WSBA #33582
JASON WILSON-AGUILAR
Chapter 13 Trustee

RESPONSE TO DEBTOR'S *EX PARTE* MOTION FOR ORDER OF VOLUNTARY DISMISSAL - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 22-10989-CMA    Doc 55    Filed 10/17/22    Ent. 10/17/22 10:21:42    Pg. 2 of 2